FILED

OCT 05 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHERYL J. RILEY, | No. 08-16581 |
| Plaintiff - Appellant, | D.C. No. 2:06-cv-02160-SRB |
| v. | |
| KEN SALAZAR,[*] Secretary, United States Department of the Interior, | MEMORANDUM[**] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted September 22, 2010[***]

Before:    WALLACE, HAWKINS, and THOMAS, Circuit Judges.

Cheryl J. Riley appeals pro se from the district court's summary judgment in

her employment action alleging race and sex discrimination, hostile work

---

[*]    Under Fed. R. App. P. 43(c)(2), Ken Salazar is substituted for his predecessor, Dirk Kempthorne, as Secretary of the Department of the Interior.

[**]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[***]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

environment, and retaliation.

The district court properly granted summary judgment on the discrimination claims because Riley failed to raise a triable issue as to whether similarly situated employees were treated more favorably, in particular as to whether her proposed comparators were similarly situated. *See Leong v. Potter*, 347 F.3d 1117, 1124 (9th Cir. 2003); *Vasquez v. County of Los Angeles*, 349 F.3d 634, 641-42 (9th Cir. 2003). Riley also failed to offer direct or circumstantial evidence of discriminatory intent. *See Vasquez*, 349 F.3d at 640.

The district court properly granted summary judgment on the retaliation claim because for each of the allegedly retaliatory actions, Riley failed to raise a triable issue as to whether her employer subjected her to an adverse employment decision, or whether there was a causal link between her protected activity and the employer's action. *See Manatt v. Bank of Am., NA*, 339 F.3d 792, 800-04 (9th Cir. 2003).

As to the hostile work environment claim, Riley offered evidence that a supervisor made grunting noises at her, stared at her breasts, called her a "bitch" and hit the back of her chair, humiliated Riley during meetings, violated the terms of a cooling-off period agreement, made sexist and discriminatory comments, and engaged in other offensive conduct. Taken together, Riley raised a triable issue as

to whether the conduct was "sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive work environment." *See Vasquez*, 349 F.3d at 642. We therefore reverse as to this claim, and remand for further proceedings.

Riley's motion to augment the record, filed on March 25, 2009, is granted.

Each party shall bear its own costs on appeal.

**AFFIRMED in part; REVERSED in part; REMANDED.**